# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: VIOXX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION                                                          MDL No. 1657

(SEE ATTACHED SCHEDULE)

## CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. §1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Eastern District of Louisiana.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Eastern District of Louisiana with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is pending at this time, the stay is lifted.

May 22, 2014

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: VIOXX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY
LITIGATION**                                                                                          MDL No. 1657

## SCHEDULE FOR CRO

| **TRANSFEREE** | | | **TRANSFEROR** | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| LAE | 2 | 07–00905 | NYN | 1 | 06–00932 | Dennis Richard Harrison v. Merck &Co., Inc. |

* – denotes that the civil action has been severed.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

MDL NO. 1657

SECTION L

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:    *Dennis R. Harrison v. Merck Sharp & Dohme Corp.*, 07-0905

### SUGGESTION OF REMAND

This suggestion of remand pertains to Plaintiff Dennis Harrison, whose case was transferred to this Court from the United States District Court for the Northern District of New York.

**I. BACKGROUND**

To put this matter in perspective, a brief overview of this litigation is appropriate. This multidistrict litigation ("MDL") involves the prescription drug Vioxx, known generically as Rofecoxib. Defendant Merck, a New Jersey corporation, researched, designed, manufactured, marketed, and distributed Vioxx to relieve pain and inflammation resulting from osteoarthritis, rheumatoid arthritis, menstrual pain, and migraine headaches. On May 20, 1999, the Food and Drug Administration ("FDA") approved Vioxx for sale in the United States. Vioxx remained publicly available until September 30, 2004, when Merck withdrew it from the market after data from a clinical trial known as APPROVe indicated that the use of Vioxx increased the risk of cardiovascular thrombotic events such as myocardial infarctions (heart attacks) and ischemic strokes. Thereafter, thousands of individual suits and numerous class actions were filed against Merck in state and federal courts throughout the country alleging various products liability, tort, fraud, and warranty claims. It is estimated that 105 million prescriptions for Vioxx were written

in the United States between May 20, 1999, and September 30, 2004. Based on this estimate, it was thought that approximately 20 million patients have taken Vioxx in the United States.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") conferred MDL status on Vioxx lawsuits filed in federal court and transferred all such cases to this Court to coordinate discovery and to consolidate pretrial matters pursuant to 28 U.S.C. § 1407. *See In re Vioxx Prods. Liab. Litig.,* 360 F. Supp. 2d 1352 (J.P.M.L. 2005). One month later, on March 18, 2005, this Court held the first status conference in the Vioxx MDL to consider strategies for moving forward with the proceedings. Shortly thereafter, the Court appointed a Plaintiffs' Steering Committee ("PSC") and Defendant's Steering Committee to represent the parties and to meet with the Court once every month or two to review the status of the litigation.

On June 26, 2006, Mr. Harrison filed a complaint in a state court in New York, alleging that Vioxx had interfered with the healing of his broken femur. On August 2, 2006, Merck removed the case to the United States District Court for the Northern District of New York, and over Mr. Harrison's objection, the JPML transferred it to this Court on February 12, 2007.

On November 9, 2007, this Court issued Pre-Trial Order 28, which set initial discovery deadlines in those cases, including Mr. Harrison's, that did not include personal injury claims for myocardial infarction, stroke, or sudden cardiac death. (Rec. Doc. 12962). In part, Pre-Trial Order 28 required that the plaintiffs in those cases produce a patient profile form, certain medical and pharmacy records, authorizations, and a *Lone Pine* report. After significant delays, caused in part by his illness, Mr. Harrison produced the requisite materials in 2011. On May 15, 2012, this Court issued Pretrial Order 58, which set the remaining discovery deadlines in his and other cases. (Rec. Doc. 63842). Those, too, were extended at Mr. Harrison's urging. The last of these discovery deadlines passed on May 17, 2013.

On July 25, 2013, Merck filed a motion for summary judgment (Rec. Doc. 64510), and on October 10, 2013, Mr. Harrison filed a cross-motion for summary judgment (Rec. Doc. 64639). Both Merck and Mr. Harrison have submitted significant memoranda. (*See* Rec. Docs. 64640, 64641, 64666, 64671, 64672, 64708). Mr. Harrison has also sought to amend his complaint. (Rec. Doc. 64598).

## II.   LAW & ANALYSIS

The JPML created this MDL by consolidating and transferring certain cases "focus[ed] on [the] alleged increased health risks (including heart attack and/or stroke) when taking Vioxx . . . and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d at 1354. Specifically, it found that consolidation was "necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *Id*. In a subsequent order, the JPML transferred another set of cases, including Mr. Harrison's. (Rec. Doc. 10001). In so doing, it noted, "[i]t may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district." (*Id*. at 2).

Pursuant to 28 U.S.C. § 1407, the JPML is authorized to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. § 1407(a). It is further authorized to "prescribe rules for the conduct of its business," provided such rules are "not inconsistent with [statute] and the Federal Rules of Civil Procedure." *Id*. § 1407(f). Those rules provide that "the [JPML] may remand an action or any . . . claim within it, upon . . . the transferee court's suggestion of remand." J.P.M.L.R. 10.1(b). "In considering the question of remand, the [JPML] has consistently given

3

great weight to the transferee [court]'s determination that remand of a particular action at a particular time is appropriate . . . ." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). The transferee court's suggestion of remand "is obviously an indication that [it] perceives [its] rule . . . to have ended." *Id*.

  Of the more than 10,000 cases in this MDL, Mr. Harrison is the only plaintiff to have alleged that his use of Vioxx inhibited the healing of a fractured bone. Although Mr. Harrison's case has been before this Court for many years, its individualized nature has meant that it has progressed separately from the more populous and concentrated personal injury claims for heart attack and stroke. It is also unique among the remaining personal injury claims, most of which relate to venous thromboembolism ("VTE"). In all regards, Mr. Harrison's case is an outlier.

  Mr. Harrison's case has moved at a deliberate, unhurried pace. In some respects, this has been because other aspects of the case have demanded immediate attention. In other respects, this has been because Mr. Harrison himself has requested numerous continuances and extensions, most of which have been reasonable given his illness and the other hurdles he has faced. These allowances are more understandable in the context of the challenges that the MDL brings for all *pro se* plaintiffs. The process can be tedious complex for even the most skilled attorney (for instance, the docket sheet itself now contains nearly 70,000 entries). Additionally, it is both difficult and expensive to prosecute a case so far from where it was initially filed. (In the one instance Mr. Harrison appeared in person before this Court, he spent several uninterrupted days on a bus because he was unable to afford accommodations.) This is taxing on any plaintiff, much less a *pro se* plaintiff, and although justified, it is an abrogation of the general rule that the plaintiff is the master of their complaint. Despite these obstacles, Mr. Harrison has proceeded as swiftly as possible. (By all accounts, he has also received benefit from his participation in the MDL, availing himself of the vast common discovery.)

Unfortunately, it was only recently that discovery matured in Mr. Harrison's case. This discovery has solidified what Mr. Harrison has always suggested: that his case bears all but the most tenuous factual and legal relationship to the other claims in this MDL. For instance, Merck suggests that summary judgment is appropriate in Mr. Harrison's case because "there is no medical evidence that the healing of his femur fracture was insufficient or unduly prolonged in any fashion" and because "there is no scientific evidence that Vioxx interferes with bone healing in humans." (Rec. Doc. 64510 at 2). These issues of specific and generalized causation are novel in this MDL. Therefore, there does not appear to be any significant justification for further burdening Mr. Harrison with the costs and frustrations of proceeding within this MDL. The issues raised in the cross-motions for summary judgment—for which nearly 1,000 pages of memoranda and exhibits have been submitted—will be more appropriately addressed on an individualized basis by the transferor court.

In the event this case proceeds to trial, any risk of inconsistency in the law of the case will be greatly diminished by having the transferor court decide all remaining issues. In addition, redundancy and inefficiency will be reduced by requiring the same court (that is, the transferor court) to familiarize itself with the attendant legal and factual issues in dispute and decide those issues in all remaining contexts, dispositive and otherwise.

### III. CONCLUSION

Accordingly, remand—not further proceedings in this Court—will promote the just and efficient resolution of the above-referenced matter. All coordinated proceedings have been completed and only case-specific issues remain. Accordingly, the Court concludes that this case will not benefit from further coordinated proceedings as part of the *Vioxx* MDL and that it is ready to be remanded to the transferor court.

For these reasons, **IT IS ORDERED** that the Clerk's Office serve copies of this suggestion of remand, as to *Dennis R. Harrison v. Merck Sharp & Dohme Corp.*, 07-0905, on the Judicial Panel on Multidistrict Litigation and to the United States District Court for the Northern District of New York.

New Orleans, Louisiana, this 12th day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE